IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TRISTAN MICHAEL HYDE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CASE NO. 1:24-CV-420-MHT-CSC |
| CITY OF DOTHAN, et al., | ) ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

Plaintiff Tristan Hyde, an inmate at the Walton County Jail in DeFuniak Springs, Florida, proceeding pro se, filed this action using this Court's standard form for complaints brought under 42 U.S.C. § 1983. Doc. 1. Plaintiff also moves to proceed in forma pauperis under 28 U.S.C. § 1915. Doc. 2. For the reasons below, the undersigned Magistrate Judge RECOMMENDS that Plaintiff's motion (Doc. 2) be DENIED and that his Complaint (Doc. 1) be DISMISSED without prejudice.

**II.  DISCUSSION**

Under 28 U.S.C. § 1915(g), a prisoner may not bring a civil action in forma pauperis if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Consequently, an inmate in violation of the "three strikes" provision of § 1915(g) who is

not under "imminent danger" of serious physical injury "must pay the filing fee at the time he *initiates* suit." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original). The Court should therefore dismiss a prisoner's complaint without prejudice when it "denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)." *Id*.

Plaintiff has filed many civil actions in federal court while incarcerated.[1] Review of court records establish that Plaintiff has accumulated at least three strikes under § 1915(g).[2] *See*, *e.g.*, *Hyde v. Whitehead, Inc.*, Civil Action No. 1:22-cv-252-RP (W.D. Tex. 2022) (dismissed under 28 U.S.C. § 1915(e) for failure to state a claim for relief or as time-barred);[3] *Hyde v. Vinklarek*, Civil Action No. 3:22-cv-06058-MCR-HTC (N.D. Fla. 2022) (appeal dismissed as frivolous);[4] and *Hyde v. Fla. Div. of Corps.*, No. 3:24-cv-226-LC-HTC (N.D. Fla. 2024) (dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A(b)(1) as malicious for abuse of the judicial process). These summary dismissals place Plaintiff in violation of 28 U.S.C. § 1915(g).

---

[1] *Available at* https://pacer.login.uscourts.gov.

[2] This Court may take judicial notice of its own records and the records of other federal courts. *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009); *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987); *United States v. Glover*, 179 F.3d 1300, 1302 n. 5 (11th Cir. 1999).

[3] The court dismissed Plaintiff's complaint against Defendant State of Texas and his claim asserted under HIPAA (Health Insurance Portability and Accountability Act of 1996) for lack of jurisdiction and the remaining claims were dismissed for failure to state claim or as time-barred under 28 U.S.C. § 1915(e). *See* Civil Action No. 1:22-cv-252-RP (Docs. 7, 21, 33).

[4] Although Plaintiff was not incarcerated when he filed the complaint (*see* Civil Action No. 3:22-cv-06058-MCR-HTC - Doc. 14), he was incarcerated when he appealed the district court's order dismissing the case for lack of jurisdiction (*see id.* Doc. 20).

Since Plaintiff has three strikes, he cannot proceed in forma pauperis unless his Complaint shows that he was in "imminent danger of serious physical injury" at the time of filing. In assessing whether a plaintiff satisfies this burden, the Court looks at whether the Complaint, as a whole, alleges such imminent danger. *See Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004); *O'Connor v. Sec'y, Fla. Dep't of Corr.*, 732 F. App'x 768, 770-71 (11th Cir. 2018) (explaining that facts must not be asserted in a vague or conclusory manner and must show that the inmate-plaintiff was in imminent danger of serious physical injury at the time he filed his complaint). "General allegations … not grounded in specific facts . . . indicat[ing] that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Niebla v. Walton Corr. Inst.*, No. 3:06CV275/LAC/EMT, 2006 WL 2051307, *2 (N.D. Fla. July 20, 2006) (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

Plaintiff files suit against the City of Dothan and the State of Alabama alleging violations of his rights to due process and equal protection based on application of Ala. Code § 12-21-3.1 which he complains deprives him of the ability to obtain copies of certain investigative reports from the City of Dothan and the State of Alabama.[5] Doc. 1. The Court has reviewed the claims in this action. Even construing all allegations in favor of Plaintiff, his claims do not entitle him to avoid the bar of § 1915(g) because, as a whole, they do not demonstrate he was "under imminent danger of serious physical injury" when he filed this

---

[5] Under Ala. Code § 12-21-3.1(b), "[l]aw enforcement investigative reports and related investigative material are not public records. Law enforcement investigative reports, records, field notes, witness statements, and other investigative writings or recordings are privileged communications protected from disclosure."

3

action as is required to meet the exception to application of 28 U.S.C. § 1915(g). *See Sutton v. Dist. Attorney's Off. of Gwinnett Superior Ct., Georgia*, 334 F. App'x 278, 279 (11th Cir. 2009) (citing *Brown*, 387 F.3d at 1350); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that a prisoner who has filed three or more frivolous lawsuits or appeals and seeks to proceed in forma pauperis must present facts sufficient to demonstrate "imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g)); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (noting the imminent danger exception is available only "[w]hen a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury.'").

Consequently, Plaintiff's motion for leave to proceed in forma pauperis is due to be denied and this Complaint is due to be dismissed without prejudice under 28 U.S.C. § 1915(g).

### III.   CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS that:

1.   Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) be DENIED.

2.   Plaintiff's Complaint (Doc. 1) be DISMISSED without prejudice.

It is further ORDERED that by **September 3, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and is therefore not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Resol. Tr. Corp., v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11TH CIR. R. 3-1.

Done, this 20th day of August 2024.

/s/   Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE